UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 06-20327-CR-Middlebrooks

UNITED STATES OF AMERICA,

Plaintiff,

vs.

FRANCESCA DIROCCO,

Defendant.

_____/



## FIRST SUPPLEMENTAL RESPONSE TO STANDING DISCOVERY ORDER

Comes now the United States of America, by and through its undersigned Assistant United States Attorney, and files this supplemental response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.  1.   The defendant, Francesca Dirocco, (hereinafter "the defendant") did make a written or recorded statement. A copy was attached to our first response.

2.   The defendant did not make an oral statement before or after arrest in response to interrogation <u>by any person then known to the defendant to be a government agent</u> that the United States intends to offer in evidence at trial, in addition to a personal history taken at the time of arrest.

3.   The defendant did not testify before the grand jury in relation to the offenses charged in this case.



4.      The NCIC/FCIC or other arrest record of the defendant, known to the government, if one exists, will be furnished upon receipt by this office.

5.      At this time, the books, papers, documents, photographs, tangible objects, buildings, or places **which are within the possession, custody or control of the government** and are intended to be used as evidence at trial to prove the case-in-chief or were obtained from or belong to the defendant, which are either attached to defense counsel's copy of the first discovery response and/or may be viewed by contacting the undersigned or Agent Alexander Zarut of ICE at 786-367-0938.

You are hereby advised that the above list is a summary only, not an exhaustive list of all evidence in the government's possession which is available for your personal inspection. You are advised further that items which might be obtained at a later time pursuant to trial subpoena are not presently in the government's possession and, accordingly, are not listed above. However, if subpoenaed items come into the Government's possession before trial, you will be provided notice regarding any such trial subpoena return so that you may inspect and copy any items obtained pursuant to trial subpoena.

6.      There were no physical or mental examinations, or scientific tests or experiments made in connection with this case.

B.      **DEMAND FOR RECIPROCAL DISCOVERY:** The Government hereby demands notice of the existence of any of the following items in the possession, custody or control of the defendant so that the Government may exercise its right to inspect and copy said items pursuant to the Standing Discovery Order and Fed.R.Crim.P 16(b) and (c):

2

1.    Books, papers, documents photographs or tangible objects which the defendant intends to introduce as evidence in chief at trial;

2.    Any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case which the defendant intends to introduce as evidence in chief at trial, or which were prepared by a defense witness who will testify concerning the contents thereof;

3.    Written notice of any insanity defense and any expert testimony relating to any such defense.

C.    At this time, the government is not aware of information or material favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland.

D.    At this time, there are no prospective government witnesses falling within the scope of Giglio and Napue.

E.    At this time, the government is not aware of co-conspirators, accomplices or informants who will testify for the government at trial who are also possessed of a record of prior convictions.

F.    The defendant was not identified in a lineup, show up, photospread or similar identification proceeding.

G.    This pleading shall serve to notify the case agent to inform all agents and officers to preserve all rough notes.

H.    At this time, the government does not intend to introduce 404(b) material in its case-in-chief.

I.    The defendant is not an aggrieved person as defined by Title 18, United States Code, Section 2510(11), that is, defendant was not the subject of a wiretap.

3

J.     The government has ordered transcripts of all witnesses who appeared before the grand jury in this cause. You will be provided with the transcripts in accordance with Title 18, United States Code, Section 3500.

K.     This paragraph does not apply to this case.

L.     No vehicles, vessels, or aircraft were forfeited or seized.

M.     Latent prints have not been lifted or identified in this case.

O.     Prior to trial, the government will make a good faith effort to stipulate to any uncontested facts or law which may expedite the trial. Also, prior to trial, a proposed stipulation regarding the chain of custody on any physical evidence (and chemical analysis, if applicable) will be submitted to the defense for signature of defense counsel and the defendant.

The Government will advise the defense of any additional discovery which comes to the attention of the undersigned.

Respectfully Submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

By:   Scott E. Ray
Assistant U.S. Attorney
Bar No. 0802050
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9033
(305) 530-7976 (FAX)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing First Supplemental Response to Standing Discovery Order was mailed on June 5, 2006 to:

David K. Tucker
Tucker & Kotler
2600 Douglas road
Suite 305
Coral Gables, FL 33134

Scott E. Ray
AUSA

5